Matter of Sanchez v Department of Educ. of the City of N.Y (2022 NY Slip Op 00954)





Matter of Sanchez v Department of Educ. of the City of N.Y


2022 NY Slip Op 00954


Decided on February 10, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 10, 2022

Before: Gische, J.P., Kern, Moulton, Kennedy, Rodriguez, JJ. 


Index No. 154399/20 Appeal No. 15280 Case No. 2020-04831 

[*1]In the Matter of German Sanchez, Petitioner-Appellant,
v Department of Educ. of the City of N.Y. et al., Respondents-Respondents.


Stewart Lee Karlin Law Group, P.C., New York (Stewart Lee Karlin of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for respondents.



Judgment, Supreme Court, New York County (Arthur Engoron, J.), entered on or about November 24, 2020, denying the petition to annul a determination by respondents (DOE), dated February 5, 2020, that petitioner was not entitled to the restoration of his tenure upon his return from resignation, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The determination that petitioner was not entitled to restoration of his tenure on the ground that he failed to provide 30 days' notice of his resignation was not arbitrary and capricious (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). "[J]udicial deference to an agency's interpretation of its own regulations is a basic tenet of administrative law" (Andryeyeva v New York Health Care, Inc., 33 NY3d 152, 175 [2019]). We have held that DOE employees must "strictly" comply with the procedures set forth in Chancellor's Regulation C 205 (Matter of Vaccaro v Board of Educ. of the City Sch. Dist. of the City of N.Y., 139 AD3d 612 [1st Dept 2016]).
We have considered petitioner's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 10, 2022